THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES CROTEAU,<br><br>Defendant. | CASE NO. CR19-0232-JCC<br><br>ORDER |

This matter comes before the Court on the Government's unopposed Motion for Entry of a Preliminary Order of Forfeiture (Dkt. No. 129) seeking to forfeit, to the United States, Defendant Charles Croteau's interest in the following property (the "Subject Currency"):

1. Approximately $6,600.00 in U.S. currency seized on or about February 1, 2019;
2. Approximately $20,944.01 in U.S. currency seized on or about February 1, 2019; and
3. Approximately $2,978.00 in U.S. currency seized on or about August 19–20, 2019.

The Court, having reviewed the Government's motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The Subject Currency is forfeitable pursuant to 21 U.S.C. § 853 as proceeds of and/or facilitating property for Mr. Croteau's *Conspiracy to Distribute Heroin and Methamphetamine*, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; and,

- Pursuant to the Plea Agreement he entered on November 17, 2020, Mr. Croteau agreed to forfeit the Subject Currency pursuant to 21 U.S.C. § 853 as proceeds of and/or facilitating property for such offense, to which Defendant entered a guilty plea. (Dkt. No. 96 at 8.)

Accordingly, the Court ORDERS as follows:

1) Pursuant to 21 U.S.C. § 853 and his Plea Agreement, Mr. Croteau's interest in the Subject Currency is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this Preliminary Order will be final as Mr. Croteau at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3) The U.S. Department of Justice and/or its authorized agents or representatives shall maintain the Subject Currency in its custody and control until further order of this Court;

4) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Currency as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the Subject Currency, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than Mr. Croteau, who has or claims a legal interest in the Subject Currency must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b. shall be signed by the petitioner under penalty of perjury; and,

    c.  shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

  5)  If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Currency, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

  6)  If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

  7)  The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

  DATED this 10th day of May 2021.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE