THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES CROTEAU,<br><br>　　　　　Defendant. | CASE NO. CR19-0232-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt No. 178) and counsel's supplemental motion seeking the same (Dkt. No. 190), along with the Government's motion to seal (Dkt. No. 193). Having thoroughly considered the briefing and relevant record, the Court hereby DENIES Defendant's motions (Dkt. Nos. 178, 190) and GRANTS the Government's motion (Dkt. No. 193) for the reasons explained herein.

Defendant is serving a 42-month sentence at FCI Lompoc, (Dkt. No. 178 at 1), following a 2020 guilty plea to conspiracy to distribute heroin and methamphetamine. (Dkt. Nos. 91, 97). His anticipated release date is May 27, 2023, which reflects a one-year sentence reduction based on RDAP completion. (Dkt. No. 192 at 10.) Defendant now moves for a further reduction to his sentence, asserting that his desire to take care of his 67-year-old mother constitutes extraordinary and compelling circumstances warranting such a reduction. (Dkt. Nos. 178, 190.)

In analyzing whether a defendant is entitled to a reduction in sentence for compassionate release, the Court must determine whether that defendant has satisfied the following statutory requirements: (1) exhaustion of administrative remedies with the Bureau of Prisons ("BOP")[1] and (2) demonstration of "extraordinary and compelling reasons warrant[ing] such a reduction." 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of making this showing. *U.S. v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020); *see U.S. v. Sprague*, 135 F.3d 1301, 1307 (9th Cir. 1998). The Court may also consider whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See U.S. v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Defendant fails to make the requisite showing of extraordinary and compelling reasons warranting a reduction. First, Defendant offers little to demonstrate the level of his mother's medical needs. Threadbare self-supporting declarations, without corroborating medical records or declarations from treating medical providers, are insufficient. *See, e.g.*, *United States v. Kent*, 2021 WL 3913360, slip op. (S.D. Cal. 2021) (lack of medical records prevented ruling that defendant's health conditions represented an extraordinary and compelling circumstance); *United States v. Salazar-Valenzuela*, 2022 WL 16635330, slip op. (D. Ariz. 2022) (compassionate release denied where defendant presented no medical records to support health conditions asserted).

Second, by Defendant's own admission, his mother already receives in-home care four hours a day, six days a week. (Dkt. No. 190 at 1.) While Defendant contends she needs additional caregiving, he fails to explain why he is the person uniquely positioned to provide that care. As the Government noted in opposition, (*see* Dkt. No. 192 at 7–8), Defendant indicates that his sister lives in the same general area as his mother and will support Defendant should his sentence be reduced. (Dkt. No. 190 at 6.) It is not clear to the Court why that same support could

---

[1] The Government concedes that Defendant has met this exhaustion requirement. (Dkt. No. 192 at n.1.)

ORDER
CR19-0232-JCC
PAGE - 2

not be provided to Defendant's mother. (*See generally* Dkt. No. 195) (Defendant's reply brief provides no response to the Government's contention).

A showing of extraordinary and compelling circumstances warranting a sentencing reduction is a "high bar." *U.S. v. Lii*, 528 F. Supp. 3d 1153, 1165 (D. Haw. 2021). Defendant's motion does not reach this mark. Therefore, the Court will not consider whether such a reduction need also be consistent with the Sentencing Commission's policy statement, at least in this instance.

Separately, the Government moves to seal a supplement to its opposition brief (Dkt. No. 193). The First Amendment protects the public's right of access to criminal trials. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records, including from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See U.S. v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Given the supplement's contents, the Court finds that sealing it serves a compelling interest which is likely to be harmed if the document is not sealed, and there is no less restrictive alternative to protect that interest.

For the foregoing reasons, the Court DENIES Defendant's motions for compassionate release (Dkt. Nos. 178, 190) and GRANTS the Government's motion to seal (Dkt. No. 193). The Clerk is DIRECTED to maintain Docket Number 194 under seal.

DATED this 10th day of November 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE